IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| United States of America for the Use of Rexel USA, Inc. d/b/a Mayer,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>Allied Trades, Inc., Ashford Leebcor Enterprises, IV, LLC, and The Cincinnati Insurance Company,<br><br>　　　　　　　　　　　　Defendants. | 2:24-cv-4288-RMG<br><br><br><br>**COMPLAINT**<br>(Non-Jury) |

Plaintiff, Rexel USA, Inc. d/b/a Mayer ("Mayer" or "Plaintiff") complaining of the Defendants, above-named, would respectfully show:

**PARTIES AND JURISDICTION**

1. This case arises from the nonpayment for materials Plaintiff furnished in connection with a project to construct the Command Control Lab Naval Weapons Station project at 1066 Third Street, Hanahan, SC 29410 ("the Project").

2. Mayer, the use Plaintiff herein, is a corporation organized and existing under the laws of the State of Delaware. At all times relevant hereto, Mayer has been in the business of supplying electrical materials.

3. Defendant Allied Trades, Inc. ("Subcontractor") is a limited liability company organized under the laws of the State of South Carolina with its principal place of business in Charleston County, South Carolina.

4.  Defendant Ashford Leebcor Enterprises, IV, LLC ("General Contractor") is a limited liability company organized under the laws of a state other than South Carolina that regularly transacts business in South Carolina.

5.  Defendant The Cincinnati Insurance Company ("Surety") is a fidelity and surety company organized and existing under the laws of a state other than South Carolina. Surety issued a payment bond on behalf of General Contractor. A true and accurate copy of the payment bond is attached as **Exhibit A**.

6.  This action arises, and this Court has jurisdiction over this action, pursuant to the Miller Act, 40 U.S.C. §§ 3131, *et seq.*, as well as 28 U.S.C. §§ 1332 and 1367.

7.  Venue is proper in this Court because the project at issue was located in Hanahan, South Carolina.

## FACTUAL ALLEGATIONS

8.  On or about September 21, 2022, General Contractor and the United States of America ("Owner") entered into the prime contract, Contract Nos. N6945022F0970 and N6945022D0002, for the Project.

9.  The combined price of the prime contracts was Four Million Seven Hundred Seventy-Nine Thousand Nine Hundred Eight and 0/100 ($4,779,908.00) Dollars.

10. Pursuant to the terms of the prime contract, General Contractor, as principal, and Surety, as surety, executed and delivered to Owner a payment bond conditioned, as required by the Miller Act, for the protection of all persons supplying labor and materials in the prosecution of the work provided for in the prime contract.

11. General Contractor subsequently entered a subcontract with Subcontractor for a portion of work on the Project.

12. Subcontractor purchased electrical materials from Mayer necessary for Subcontractor's scope of work on the Project.

13. Mayer furnished the materials, which Subcontractor then used for the construction of the Project.

14. To date, Subcontractor has failed to pay Plaintiff in full for the materials furnished to the Project.

15. The total value of materials Mayer furnished for which it has not been paid is $61,263.04.

16. On May 28, 2024, Plaintiff made proper demand in writing via certified mail on the Defendants to pay the amount due and owing. A true and accurate copy of the demand letter and the enclosures served with it, which included a copy of the payment bond and the unpaid invoices, is attached as **Exhibit B**.

17. Defendants received the written demand from Plaintiff.

18. Defendants failed to make a fair investigation and unreasonably refused to pay Plaintiffs' claim within forty-five (45) days from the date of the demand.

19. To date, Defendants have not made a fair investigation and continue to unreasonably refuse to pay Plaintiffs' claim.

20. Accordingly, Plaintiff is entitled to judgment against the Defendants for $61,263.04, plus prejudgment interest thereon, plus attorney's fees and costs.

**FOR A FIRST CAUSE OF ACTION**
**(Breach of Contract / Claim on Payment Bond)**

21. The allegations contained above, not inconsistent herewith, are incorporated herein by reference.

22. General Contractor and Surety executed a labor and material payment bond in the amount of Four Million Seven Hundred Seventy-Nine Thousand Nine Hundred Eight and 0/100 ($4,779,908.00) Dollars binding themselves jointly and severally to pay suppliers of first-tier subcontractors on the Project.

23. Plaintiff is an intended beneficiary and proper claimant under the bond.

24. Plaintiff has made proper demand in writing for the sum claimed herein and has fulfilled all conditions of the bond necessary to recover under it.

25. General Contractor and Surety have failed to make prompt payment to Plaintiff in violation of the payment obligations of the bond and other applicable law.

26. In addition, upon receipt of Plaintiff's claim, General Contractor and Surety failed to make reasonable investigation and pay the amount owed within forty-five days.

27. Accordingly, Plaintiff is entitled to judgment against General Contractor and Surety, jointly and severally, in the amount of all sums justly due, including but not limited to $61,263.04, plus interest thereon, plus attorney's fees and costs.

## FOR A SECOND CAUSE OF ACTION
**(Breach of Contract)**

28. The allegations contained above, not inconsistent herewith, are incorporated herein by reference.

29. Plaintiff and Subcontractor entered into a binding and enforceable contract for the purchase and provision of electrical materials for Subcontractor's work on the Project.

30. Plaintiff performed all of its obligations under the contract.

31. Subcontractor breached the contract by failing to pay for the materials Plaintiff furnished to the Project and by withholding payment from Plaintiff without justification or good cause.

32. As a direct result of Subcontractor's breach of contract, Plaintiff has been damaged in the amount of $61,263.04.

33. Accordingly, Plaintiff is entitled to judgment against Subcontractor in the amount of $61,263.04, plus interest thereon, plus attorney's fees and costs.

## FOR A THIRD CAUSE OF ACTION
**(Quantum Meruit)**

34. The allegations contained above, not inconsistent herewith, are incorporated herein by reference.

35. At the specific instance and request of Defendants, Plaintiff furnished materials, labor and/or equipment to the Project.

36. Defendants knew Plaintiff expected Subcontractor to pay for the materials, labor and/or equipment provided.

37. Subcontractor received and accepted the materials, labor and/or equipment furnished and incorporated those items into its work and, therefore has enjoyed and continues to enjoy the benefit Plaintiff conferred; however, Subcontractor has not paid Plaintiff for the full value of the work materials, labor and/or equipment provided by Plaintiff.

38. General Contractor and Surety received and have enjoyed the benefit Plaintiff conferred because the materials Plaintiff furnished has advanced the project, allowed the General Contractor to apply for and received more money from the Owner, and reduced the exposure the General Contractor and Surety have under the performance bond they provided the Owner for the Project.

39. Despite the Defendants having received and retained these benefits from the Plaintiff, they have not paid Plaintiff for the full value of the work materials, labor and/or

equipment provided by Plaintiff.

40. It would be inequitable for the Defendants to accept, use and enjoy the benefit of Plaintiff's materials, labor and/or equipment without paying the reasonable value thereof.

41. The reasonable value of the materials, labor and/or equipment provided for which Plaintiff has not been paid is $61,263.04.

42. Accordingly, Plaintiff is entitled to judgment against Subcontractor in the amount of $61,263.04, plus interest thereon, attorney's fees and costs.

### FOR A FOURTH CAUSE OF ACTION
### (S.C. Code Ann. § 27-1-15)

43. The allegations contained above, not inconsistent herewith, are incorporated herein by reference.

44. Plaintiff made a due and just demand for payment on all Defendants, by certified mail, on May 28, 2024, pursuant to S.C. Code Ann. § 27-1-15.

45. Defendants failed to make a fair investigation of the merits of Plaintiff's claim and unreasonably refused to pay it or proper portion of it within forty-five days from the date the demand was mailed.

46. Accordingly, Plaintiffs are entitled to an award against all Defendants for reasonable attorney's fees and interest from the date of the demand pursuant to that statute.

**WHEREFORE**, Plaintiff demands a trial by jury and prays unto this Honorable Court as follows:

A. As to its First Cause of Action, for judgment against Ashford Leebcor Enterprises, IV, LLC, and The Cincinnati Insurance Company, jointly and severally, in the amount of $61,263.04, plus interest thereon, reasonable attorney's fees and costs;

B. As to its Second Cause of Action, for judgment against Allied Trades, Inc. in the amount of $61,263.04, plus interest thereon, reasonable attorney's fees and costs;

C.  As to its Third Cause of Action, that judgment be entered against all defendants for $61,263.04, the reasonable value of the items furnished and used for the construction of the Project, plus interest thereon; and

D.  As to its Fourth Cause of Action, for an award of reasonable attorney's fees and interest from May 28, 2024.

                            **BRUNER POWELL WALL & MULLINS, LLC**

                            */s/ Benjamin C. Bruner*
                            Benjamin C. Bruner, Fed. ID No. 10625
                            Post Office Box 61110 (29260)
                            1735 St. Julian Place, Suite 200 (29204)
                            Columbia, South Carolina
                            (803) 252-7693
                            bbruner@brunerpowell.com
                            *Attorney for the Plaintiff*

August 1, 2024
Columbia, South Carolina